**TIFFANY & BOSCO**
P.A.

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-26230

**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

The party obtaining this order is responsible for noticing it pursuant to Local Rule 9022-1.

**Dated: October 19, 2010**



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Dennis Gerard Doyle and Jaclyn Sue Doyle<br>      Debtors.<br>_____<br>Deutsche Bank National Trust Company, as Trustee for FFMLT 2006-FF13<br><br>      Movant,<br>  vs.<br><br>Dennis Gerard Doyle and Jaclyn Sue Doyle, Debtors, Maureen Gaughan, Trustee.<br><br>      Respondents. | No. 2:10-BK-29306-RJH<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #12) |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefor,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated July 5, 2006 and recorded in the office of the MARICOPA County Recorder wherein Deutsche Bank National Trust Company, as Trustee for FFMLT 2006-FF13

is the current beneficiary and Dennis Gerard Doyle and Jaclyn Sue Doyle have an interest in, further described as:

>  LOT 70, MARLBOUGH COUNTRY UNIT SIX, ACCORDING TO BOOK 187 OF MAPS, PAGE 40, RECORDS OF
> MARICOPA COUNTY, ARIZONA.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.